[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings his complaint in two counts. In the first, he grounds his claim for recovery on contract; in the second, on quantum meruit.
A review of the evidence indicates that the plaintiff materially changed the defendant's bid specification so that it became a counter offer that defendant never accepted Consequently, there was no meeting of the minds with regard to a material term or requirement of the agreement to wit: whether or not, as plaintiff contends, he was to receive $75.00 for every 3", or part thereof, of snow on the ground at the time he plowed the subject lot or, as defendant claims, he was only to plow if there were 3" or more of snow on the ground and then was to be paid $75.00 for each plowing.
In as much as there is no contract, no recovery can be had under count one of the complaint. See Fortier v. NewingtonGroup Inc., 30 Conn. App. 505, 509-10. CT Page 6554
Plaintiff, however, did confer a benefit upon defendant with his snow plowing and sanding services. The court finds that the reasonable value of those services to the defendant are $1,575.00 minus the sum of $600.00 heretofore paid by defendant to plaintiff or $975.00. This figure was arrived at by multiplying the number of times plaintiff plowed or sanded defendant's parking lot, by $75.00. In calculating the total value of the benefit conferred, no separate fee for sanding was allowed where both sanding and plowing were done the same day. Similarly, no fee was allowed, because no benefit was conferred, for those dates plaintiff plowed even though less than 3" of snow had fallen. Further no value was assigned for the alleged but unproven claim that plaintiff plowed the lot on March 2, 1996.
In accordance with the foregoing, judgment may enter in favor of the plaintiff for $975.00 together with costs of suit.
WEST, J.